**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**GRETTA SHARA and
MARINA KOURIEH,**

      **Plaintiffs,**                    **Case No.
HON.**

**vs.**

**FMS INVESTMENT CORP.,
A Foreign Profit Corporation,**

      **Defendant.**

_____/

**<u>NOTICE OF REMOVAL</u>**

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant FMS Investment Corp., (hereinafter referred to as "FMS") hereby removes the above-captioned civil action from the State of Michigan 41A Judicial District Court, Shelby Township Division (hereinafter referred to as "the State Court") to the United States District Court for the Eastern District of Michigan. The removal of this civil action is proper, because:

    1.      On or about September 10, 2014 plaintiffs Gretta Shara and Marina Kourieh, through their attorney, initiated in the State Court a civil action entitled "*Gretta Shara and Marina Kourieh, Plaintiffs, vs. FMS Investment Corp., Defendant,*" No. US14-03974-GC on the docket of the State Court (hereinafter referred to as "the State Court Action") by filing a "Complaint & Jury Demand" (a copy of which is appended hereto as "Exhibit A").

1

2.     On or about September 10, 2014 the State Court clerk issued a "Summons and Complaint" directed to FMS (a copy of which is appended hereto as "Exhibit B").

3.     On or about October 8, 2014 Plaintiffs, through their attorney, filed with the State Court clerk in the State Court Action a "Proof of Service" with an attached U.S. Postal Service certified mail return receipt (a copy of both of which is appended hereto as "Exhibit C"), reflecting the delivery to FMS's agent for service of process, CT Corporation/ The Corporation Company (hereinafter referred to as "CT") of the Summons and Complaint and a copy of the Complaint & Jury Demand by United States Certified Mail on September 29, 2014.

4.     On or about September 29, 2014, CT did, in fact, receive by United States Certified Mail the Summons and Complaint and a copy of the Complaint & Jury Demand, as reflected in the September 29, 2014 CT "Service of Process Transmittal" that CT sent to FMS (a copy of which is appended hereto as "Exhibit D").

5.     Exhibits A, B and C appended hereto are true and correct copies of all process and pleadings filed and entered by Plaintiffs and the State Court and served upon defendant FMS in the State Court Action.

6.     Plaintiffs' claims against FMS are based upon the U.S. Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter referred to as the "FDCPA"), the Michigan Occupational Code, M.C.L. § 339.101, *et seq.* (hereinafter referred to as the "MOC"), and the Michigan Collection Practices Act, M.C.L. § 445.251, *et seq.* (hereinafter referred to as the "MCPA").

7.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiffs' claims, because Plaintiffs' Complaint & Jury Demand filed in the State Court Action presents federal questions arising under the FDCPA.

8.    Pursuant to 28 U.S.C. § 1441, the State Court Action is removable to this Honorable Court, because it is a civil action, brought in state court, that includes claims arising under the laws of the United States (within the meaning of 28 U.S.C. § 1331) and claims not within the original jurisdiction of this Court, and it would have been removable without the inclusion of the claims not within the original jurisdiction of this Court.

9.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claims to the extent that they seek relief against FMS pursuant to the MOC and the MCPA.

10.    FMS is filing this Notice of Removal timely under 28 U.S.C. § 1446(b), because FMS is filing it within thirty (30) days after FMS's receipt of the initial pleading setting forth the claim for relief by Plaintiffs.

11.    FMS is serving a copy of this Notice of Removal upon Plaintiffs, through their attorney, and is concurrently filing with the clerk of court for the State Court a Notice of Filing Notice of Removal ("Exhibit E") which itself has attached to it a copy of this Notice of Removal.

WHEREFORE, Defendant FMS hereby removes the State Court Action to this Honorable Court.

COLLINS EINHORN FARRELL P.C.


BY:   /s/Deborah A. Lujan

DEBORAH A. LUJAN (P46990)
Attorney for Defendant
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
deborah.lujan@ceflawyers.com

Dated: October 28, 2014

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 28, 2014 a copy of the above and foregoing **NOTICE OF REMOVAL** was filed electronically with the Clerk of the Court and served by United States First-Class Mail, postage prepaid and properly addressed, and by e-mail upon the following counsel of record in the State Court Action:

GARY D. NITZKIN
MICHIGAN CONSUMER CREDIT LAWYERS
22142 West Nine Mile Road
Southfield, MI 48033
gary@micreditlawyer.com

COLLINS EINHORN FARRELL P.C.

BY:   /s/Deborah A. Lujan_____
DEBORAH A. LUJAN (P46990)
Attorney for Defendant
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
deborah.lujan@ceflawyers.com

# EXHIBIT "A"

STATE OF MICHIGAN
IN THE 41A DISTRICT COURT

GRETTA SHARA, and
MARINA KOURIEH,
    Plaintiffs,

-vs.-                             **DEMAND FOR JURY TRIAL**

FMS INVESTMENT COP.,
A Foreign Profit Corporation,
    Defendant.

---

## COMPLAINT & JURY DEMAND

    Plaintiffs, Gretta Shara and Marina Kourieh, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## PARTIES

2. Plaintiffs are natural persons. Plaintiff, Gretta Shara, resides in Shelby Township, Macomb, Michigan. Plaintiff, Marina Kourieh, resides in Macomb Township, Macomb County, Michigan. Plaintiffs are a "consumer" and "persons" as the terms are defined and used in the FDCPA. Plaintiffs are also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

1



3.  The Defendant to this lawsuit is FMS Investment Corp. which is a foreign profit corporation that maintains registered offices in Bingham Farms, Michigan.

## VENUE

4.  The transactions and occurrences which give rise to this action occurred in Shelby Township and in Macomb Township, Macomb County, Michigan.

5.  Venue is proper in the 41A District Court in Macomb County, Michigan.

6.  The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## GENERAL ALLEGATIONS

7.  Defendant is attempting to collect a consumer type debt allegedly owed by Mrs. Shara regarding a student loan in the amount of $701,506.96.

8.  In June 2014, Mrs. Shara started receiving phone calls from Defendant on her cellular phone. Then she started to receive calls at her place of employment and on her husband's cellular phone.

9.  Defendant calls Mrs. Shara frequently using the following phone number: xxx-xxx-1117. Defendant is located in Illinois yet it used a phone number that appeared on Mrs. Shara's caller identification screen with a 586 area code.

10. Defendant left messages with Dr. Shara's staff members stating that she owed a debt. Mrs. Shara never authorized the Defendant to discuss the obligation, if any, with anyone other than herself.

11. In June 2014, Mrs. Shara started receiving about two to three phone calls a day at her place of employment from Defendant's representatives, Debra and a male representative.

2

Defendant repeatedly told Mrs. Shara's staff members that Defendant was going to start to garnish Mrs. Shara's wages and asked them questions about the building in which they work. Defendant, again, illegally and improperly disclosed Mrs. Shara's obligation to third parties.

12. In one conversation, Defendant was rude with one of Mrs. Shara's staff members, Laura Davis. Defendant demanded to speak with an office manager and demanded to find out about payroll information regarding Dr. Shara. Defendant also told Ms. Davis that it was going to garnish Dr. Shara's wages.

13. On or about June 26, 2014, Defendant faxed a form to Mrs. Shara's employer, seeking to collect information regarding Dr. Shara's employment.

14. On or about June 26, 2014, Defendant started calling Dr. Shara's sister, Marina Kouriech. During one of its conversations, Ms. Kouriech asked the Defendant's representative what company he was calling from and the agent refused to make this disclosure to her. Defendant asked Ms. Kouriech about information regarding Dr. Shara's employment. She also told Ms. Kouriech to relay a message to Mrs. Shara that it was important that Mrs. Shara call her back as the matter was tied to her social security number. Defendant also asked Ms. Kouriech for names and contact information of people that knew Dr. Shara. Ms. Kouriech asked Defendant to stop calling her.

15. On or about July 15, 2014, Defendant faxed another form to Dr. Shara's place of employment seeking to collect information about her employment.

16. Mrs. Shara's staff member, Angela Jacob and Laura Davis, read these faxes that came in. Angela Jacob researched Defendant and found out that Defendant is a collection agency related to student loans.

3

17. On or about July 17, 2014 at the end of the day, Dr. Shara received a note from Martha, a waitress at the business next door to Mrs. Shara's place of employment. The note said "Debbra (sic), 877-291-8405. Dr. Shara need to call Debbra (sic) at above number." This was another unauthorized and illegal contact made by the Defendant in violation of Mrs. Shara's rights under the Fair Debt Collection Practices Act.

18. On or about July 22, 2014, Defendant called Ms. Kouriech again. During this conversation, Ms. Kouriech asked Defendant to take her off its calling list. Defendant was persistent with her and told her that her name was a contact as a reference. Defendant asked Ms. Kouriech if she had names and numbers of others that she could give it so that it could get information about Mrs. Shara. Ms. Kouriech told Defendant not to call her anymore, that she would not give it any contact information, and asked Defendant to take her off of its list. She then hung up on the phone.

19. On or about July 23, 2014, Defendant called Ms. Kouriech again. Ms. Kouriech told Defendant that it was now harassing her and asked it never to call her again. Defendant remained on the phone and asked for names and contact information of people that knew Mrs. Shara. Ms. Kouriech told Defendant that she would not give it contact information of anyone as it was illegal of what they were asking and told Defendant not to call her anymore. Ms. Kouriech then terminated the phone call.

20. On or about July 23, 2014, Dr. Shara was informed by her brother, Milad Shara, that a person named Latisha Battle was trying to reach her regarding a business/education matter.

21. On or about July 23, 2014 at 4:00 p.m., Dr. Shara's accountant's wife, Marie Saleh, called Mrs. Shara and informed her that she received a call from Tracy Stewart,

4

Defendant's representative, on her home phone. During this conversation, Tracy asked

Mrs. Saleh for personal information regarding Mrs. Shara, and her accountant, Joe Saleh.

Mrs. Saleh refused to give this information to Tracy, so Tracy told Mrs. Saleh to have

Mrs. Shara or her husband call her about a business matter.

22. On or about July 24, 2014, an employee who works at Armada Auto Zone which is next

to Mrs. Shara's place of employment, dropped off a note for Mrs. Shara which indicated

that Tracy called from 877-291-8405 at extension 8569.

23. On or about July 24, 2014 between 5:00 and 6:00 p.m., during Dr. Shara's business hours

and while patients in the waiting room were coming in, an employee from Armada Auto

Zone and an employee from Pappa's stopped in Mrs. Shara's place of business and

dropped off notes for Mrs. Shara telling Mrs. Shara to call Defendant.

24. In addition, Susan, an agent/owner from Properties Unlimited which is a business near

Mrs. Shara's place of employment, also stopped into Mrs. Shara's place of business to

drop off a note indicating that Tracy Stewart at 877-291-8405 extension 8569 called.

Susan told Angela Jacob, a member of Dr. Shara's staff, that someone called her at her

place of business and told her that they were trying to get a hold of Mrs. Shara. Susan

told Defendant that Mrs. Shara was at the clinic. Then, Defendant asked Susan to walk

down to Mrs. Shara's place of employment and give her the message. Susan then handed

Angela the note and left.

25. On or about July 25, 2014, Mrs. Shara received a letter from Defendant. This letter failed

to provide Mrs. Shara with the mandatory 30-day validation notice rights, pursuant to the

FDCPA.

5

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs reincorporate the preceding allegations by reference.

27. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

28. Mrs. Shara and Ms. Kourieh are both "consumers" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

29. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

30. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692b(1) by communicating with any person other than the consumer for the purpose of location information and not identifying himself, not stating that he was confirming or correcting location information concerning the consumer and not identifying its employer when expressly requested.

   b. 15 U.S.C. §1692b(2) by communicating with any person other than the consumer and stating that the consumer owes a debt.

   c. 15 U.S.C. §1692b(3) by communicating with any person other than the consumer for the purpose of location information more than once.

   d. 15 U.S.C. §1692c(b) by communicating with any person other than the consumer in connection with the collection of any debt.

   e. 15 U.S.C. §1692g(a)(3)-(5) by failing to send anything in writing to Mrs. Shara within five days of the initial communication giving Mrs. Shara the 30-day validation notice rights.

6

     f.  15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer. Defendant did this when it called using a phone number with the area code of 586 when Defendant is located in the state of Illinois.

     g.  15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

31. Mrs. Shara and Ms. Kourieh have suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

32. Plaintiffs incorporate the preceding allegations by reference.

33. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

34. Plaintiffs are debtors as that term is defined in M.C.L. § 339.901(f).

35. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

     a.  MCL §339.915(a) by communicating with a debtor in a misleading or deceptive manner. Defendant did this when it called using a phone number with the area code of 586 when Defendant is located in the state of Illinois.

     b.  MCL §339.915(i) by communicating information relating to a debtor's indebtedness to an employer's agent.

7

    c.  MCL §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt.

    d.  MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

36. Mrs. Shara and Ms. Kourieh have suffered damages as a result of these violations of the Michigan Occupational Code.

37. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

38. Plaintiffs incorporate the preceding allegations by reference.

39. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

40. Plaintiffs are "Consumers" as that term is defined at MCL § 445.251.

41. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a.  MCL §445.252(a) by communicating with a debtor in a misleading or deceptive manner. Defendant did this when it called using a phone number with the area code of 586 when Defendant is located in the state of Illinois.

    b.  MCL §445.252(i) by communicating information relating to a debtor's indebtedness to an employer's agent.

    c.  MCL §445.252 (n) by using a harassing, oppressive, or abusive method to collect a debt.

8

    d.  MCL §445.252(q) by failing to implement a procedure designed to prevent a

        violation by an employee.

42. Mrs. Shara and Ms. Kourieh have suffered damages as a result of these violations of the

    MCPA.

43. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

    Plaintiffs demand trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

    Accordingly, Plaintiffs request that the Court grant them the following relief against the

defendant:

    a.  Actual damages.

    b.  Statutory damages.

    c.  Treble damages.

    d.  Statutory costs and attorney fees.

9

Respectfully submitted,

August 27, 2014

GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiffs
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – garv@micreditlawyer.com

10

# EXHIBIT "B"

Approved SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

**STATE OF MICHIGAN**
41A JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

**CASE NO.**
DS14-03974-GC

Court address
51660 Van Dyke Ave., Shelby Twp., MI, 48316

Court telephone no.
(586) 739-7325

Plaintiff's name(s), address(es), and telephone no(s).
Gretta Shara, et al.
c/o Michigan Consumer Credit Lawyers
22142 W. Nine Mile Rd.,
Southfield, MI, 48033
(248) 353-2882

v

Defendant's name(s), address(es), and telephone no(s).
FMS Investment Corp.
a/k/a Financial Management Systems
RA: The Corporation Company
30600 Telegraph Rd., Ste. 2345
Bingham Farms, MI, 48025

Plaintiff's attorney, bar no., address, and telephone no.
Gary D. Nitzkin (P41155)
Travis L. Shackelford (P68710)
22142 W. Nine Mile Rd.,
Southfield, MI, 48033
(248) 353-2882

**SUMMONS**   NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1  You are being sued.
2  **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3  If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 09/10/14 | 12/10/14 | PAULA SAUBER |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
✓ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
✓ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Shelby Township, MI | Bingham Farms, MI |

Place where action arose or business conducted
Shelby Township, MI

08/27/2014
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**EXHIBIT B**

| PROOF OF SERVICE | SUMMONS AND COMPLAINT·<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
    List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee | |
|---|---|---|---|---|
| $ | | $ | $ | Signature _____ |

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____  Signature: _____
                          Date                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                                        Day, date, time

_____ on behalf of _____
Signature

# EXHIBIT "C"

**PROOF OF SERVICE**

**SUMMONS AND COMPLAINT**
Case No. _____

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____

List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address of service | Day, date, time |
|---|---|---|
| Fms Investment Corp | Service Through CT Process Corporation System | 1-29-2014 |
| | | 1:30 PM |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Subscribed and sworn to before me on 10-7-14 _____ County, Michigan

My commission expires: _____ Signature: _____

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

on _____ _____
Day, date, time

on behalf of _____

Signature _____

EXHIBIT
C

USPS® CERTIFIED MAIL RECEIPT
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage $ | .90 |
| Certified Fee | 3.70 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees $ | 6.90 |

Postmark Here

Sent To
Fms Inv Group
Street Apt No; or PO Box No. 30600 Telegraph St 2345
City, State, ZIP+4 Bingham Farms Mi 48027

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Fms Investment Corp.
a/k/a Financial Mang. Syst.
RA: The Corporation
Company
30600 Telegraph Rd
Ste. 2345
Bingham Ferms, Mi

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
The Corporation Company   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
SEP 2 6 2014

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7013 1090 0001 4032 0726

PS Form 3811, July 2013 .   Domestic Return Receipt

---

# EXHIBIT "D"

 CT Corporation

**Service of Process Transmittal**
09/29/2014
CT Log Number 525784885

TO:    Timothy Adelman
       Financial Management Systems
       1701 Golf Road, Suite 2 - 150
       Rolling Meadows, IL 60008

RE:    **Process Served in Michigan**

FOR:   FMS Investment Corp. (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gretta Shara and Marina Kourieh, Pltfs. vs. FMS Investment Corp., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Jury Demand, Proof of Service |
| **COURT/AGENCY:** | 41-A District Court, Macomb County, MI<br>Case # US1403974GC |
| **NATURE OF ACTION:** | Plaintiff hereby files complaint against defendant regarding the violation of the Michigan fair debt collection practices act in the matter |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Bingham Farms, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/29/2014 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after receiving this summons |
| **ATTORNEY(S) / SENDER(S):** | Gary D. Nitzkin<br>Nitzkin & Associates<br>22142 West Nine Mile Road<br>Southfield, MI 48033<br>248-353-2882 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 771325898900 |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48025-5720 |
| **TELEPHONE:** | 248-646-9033 |

Page 1 of 1 / AV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT
D